**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALICE CAMARILLO,**

                          **Plaintiff,**

            **v.**                                    **1:05-CV-1365**
                                                       **(GLS\DRH)**

**CARROLS CORPORATION;**
**MAGLIOCCA STORES, INC.; REEHER**
**MAJIK, INC.; EL RANCHO FOODS, INC.;**
**and WENDONIE, INC.,**[1]

                          **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

OFFICE OF MICHAEL G. O'NEILL          MICHAEL G. O'NEILL, ESQ.
30 Vesey Street, Third Floor
New York, New York 10007

**FOR THE DEFENDANTS:**

_____

[1]Defendant Carrols Corporation owns and operates the Burger King restaurants located on Route 9W and Route 9 in Catskill, New York and Hudson, New York, respectively.  *See Pl. Am. Compl. ¶ 6; Dkt. No. 32.*  Defendants Magliocca Stores, Inc. and Reeher Majik, Inc. each own and operate McDonald's Restaurants.  Magliocca's restaurants are located on Routes 23 and 32 in Cairo, New York, and Reeher Majik's restaurant is located on Maple Avenue in Catskill, New York.  *See Pl. Am. Compl. ¶¶ 7-8; Dkt. No. 32.*  Defendant El Rancho Foods, Inc. owns and operates a Taco Bell Restaurant in the Hudson Valley Mall in Kingston, New York.  *See Pl. Am. Compl. ¶ 9; Dkt. No. 32.*  Defendant Wendonie, LLC owns and operates a Wendy's restaurant located at 350 Fairview Avenue in Hudson, New York.  *See Pl. Am. Compl. ¶ 10; Dkt. No. 32.*  For clarity, the court will refer herein to the defendants by the names of the restaurants they own.

**For Carrols Corporation:**
BOND, SCHOENECK LAW FIRM          BRIAN J. BUTLER, ESQ.
One Lincoln Center
Syracuse, New York 13202-1355

**For Magliocca Stores, Inc. and**
**Reeher Majik, Inc.:**
JACKSON, LEWIS LAW FIRM          GREG A. RIOLO, ESQ.
One North Broadway, Suite 1502
White Plains, New York 10601

**For El Rancho Foods, Inc.:**
EPSTEIN, BECKER LAW FIRM          ALESIA J. KANTOR, ESQ.
250 Park Avenue
New York, New York 10177-0077

**For Wendonie, Inc.:**
LEVENE, GOULDIN LAW FIRM          MICHAEL R. WRIGHT, ESQ.
P.O. Box F-1706
Binghamton, New York 13902-0106

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Alice Camarillo alleges, pursuant to the Americans With

Disabilities Act, 42 U.S.C. § 12182 (ADA), that defendant restaurants

discriminated against her in the full and equal enjoyment of the services

offered at their fast food restaurants.  Pending under Federal Rule of Civil

Procedure 12(b)(6) are defendants' motions to dismiss.  *See Dkt. Nos. 42,*

2

*43, 44, 45.*  For the reasons that follow, defendants' motions are granted.

## II.  Facts

Alice Camarillo is legally blind.  *See Pl. Am. Compl. ¶ 5; Dkt. No. 32.*
Each of the restaurants falls into the category of a "place of public
accommodation" within the meaning of 42 U.S.C. § 12182 and New York
Executive Law.[2]  *See id. ¶ 13.*  Due to her disability, Camarillo cannot read
the list of foods and prices displayed at defendants' fast food restaurants.
*See id. ¶ 14.*  She is, however, able to read large print held closely to her
face.  *See id. ¶ 15.*

### A.     Burger King and McDonald's Restaurants

On numerous occasions between August 2002 and the present,
Camarillo has patronized the Burger King restaurants in Catskill and
Hudson, New York and the McDonald's restaurants in Catskill, Cairo, and
Hudson, New York.  *See Pl. Am. Compl. ¶¶ 23, 36, 48; Dkt. No. 32.*  On
each occasion, Camarillo asked whether the restaurants had large print

---

[2]New York General Executive Law § 292(9) provides, in relevant part:

The term "place of public accommodation, resort or amusement" shall include, except
as hereinafter specified, all places included in the meaning of such terms as: inns,
taverns, road houses, hotels, motels, whether conducted for the entertainment of
transient guests or for the accommodation of those seeking health, recreation or rest,
or restaurants, or eating houses, or any place where food is sold for consumption on
the premises[.]

N.Y. EXEC. LAW § 292(9).

menus, informing the cashier that she is legally blind and cannot read the posted menu.  *See id. ¶¶ 25-26, 37-39, 49.*  On each occasion, she was informed that the restaurant did not have large print menus.  *See id. ¶¶ 25, 40.*  Before placing her order, Camarillo has asked that the list of food and prices be read to her.  *See id. ¶¶ 29, 37.*  To the extent that Burger King employees have complied, their delivery has been "reluctant, impatient, incomplete, and half-hearted."  *See id. ¶ 34.*  On other occasions, Burger King employees have been hostile to Camarillo and stared and laughed at her.  *See id. ¶ 30.*  Once, they directed her to the men's restroom and laughed at her humiliation.  *See id.*

Similarly, McDonald's employees often expressed annoyance or impatience.  *See Pl. Am. Compl. ¶ 42; Dkt. No. 32.*  On one occasion, the cashier pointed to promotional literature on placemats on the counter, insisting that the promotional materials were the same as the posted menus.  *See id. ¶ 42.*

**B.   Taco Bell and Wendy's Restaurants**

On numerous occasions between August 2002 and the present, Camarillo has patronized the Taco Bell restaurant in Kingston, New York.  *See Pl. Am. Compl. ¶ 60; Dkt. No. 32.*  On at least two occasions between

4

January 2005 and the present, Camarillo has patronized Wendy's restaurant in Hudson, New York. *See Pl. Am. Compl. ¶ 72; Dkt. No. 32.* As in the other restaurants, Camarillo has asked on each occasion whether Taco Bell and Wendy's have large print menus, explaining each time that she is legally blind. *See id. ¶¶ 62-64, 73-74.* Likewise, on each visit, she was informed that the restaurants did not have large print menus. *See id. ¶¶ 64, 74.*

While employees at Taco Bell and Wendy's have not offered to read Camarillo the menu or provide another form of communication, Camarillo has requested that they do so. *See Pl. Am. Compl. ¶¶ 64, 76; Dkt. No. 32.* To the extent that Taco Bell and Wendy's employees complied, their delivery has been "reluctant, impatient, and incomplete." *See id. ¶¶ 70, 78.*

Defendant Wedonie claims to have a large print menu at one of its restaurants in Hudson, New York. *See id. ¶ 83.* This menu, which was never offered to Camarillo, contains only a partial selection of the food offered for sale at the restaurant and does not display prices. *See Pl. Am. Compl. ¶ 83; Dkt. No. 32.*

### III.  Procedural History

On August 4, 2005, Camarillo filed her original complaint in New York

5

State Supreme Court, Greene County.  *See Dkt. No. 1.*  On October 27,

2005, defendants timely removed the case to this court.  *See id.*  After all

defendants moved to dismiss the complaint, the court granted Camarillo an

additional thirty days to amend her complaint.  *See Dkt. No. 29.*  On April 4,

2006, Camarillo filed her amended complaint.  *See Dkt. No. 32.*  The

subject motions ensued.  *See Dkt. Nos. 42-45.*

## IV. Discussion

### A. Motion to Dismiss Standard

Rule 12(b)(6) provides that a cause of action shall be dismissed if a

complaint fails "to state a claim upon which relief can be granted."  FED. R.

CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint

pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of the complaint which would entitle him to

relief."  *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal

quotation marks and citation omitted).  "A court's task in ruling on a Rule

12(b)(6) motion is merely to assess the legal feasibility of the complaint, not

to assay the weight of the evidence which might be offered in support

thereof."  *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d

63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).

Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

## B.    Defendants' Motions

As stated, Camarillo claims that defendants' failure to provide large print menus to blind patrons of their restaurants constitutes a violation of Title III of the ADA, 42 U.S.C. § 12182.  In their respective motions, defendants submit the same legal arguments, namely, that Camarillo lacks standing and that she fails to state a claim upon which relief can be granted.  More specifically, defendants argue the following: (1) that Camarillo lacks standing to pursue her claim for injunctive relief under the ADA; (2) that Camarillo has not alleged facts sufficient to show that she has been deprived of the use or enjoyment of defendants' services; (3) that defendants provided Camarillo with reasonable accommodations; and (4) that Camarillo is unable to state a claim under New York Human Rights Law.

### 1.    Standing, Injury in Fact, and Irreparable Harm

As an initial matter, defendants argue, and Camarillo concedes, that

she cannot seek monetary relief for violations of Title III of the ADA.
Because the plain terms of the statute do not provide for monetary relief,
Camarillo's request for such is dismissed.  *See Hunt v. Meharry Med. Coll.*,
98-CV-7193, 2000 WL 739551, at *6 (S.D.N.Y. June 8, 2000) (holding that
"damages are...not available to private plaintiffs under Title III.").  This
leaves her claim for injunctive relief.[3]

Camarillo must demonstrate that she has standing.  "To have
standing, [p]laintiff must allege injury in fact and that the injury is capable of
being redressed by a favorable ruling from the court."  *Stan v. Wal-Mart
Stores, Inc.*, 111 F. Supp. 2d 119, 125 (N.D.N.Y. 2000) (citing *Lujan v.
Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  The term "injury in fact"
refers to "an invasion of a legally protected interest which is (a) concrete
and particularized and (b) actual or imminent, not conjectural or
hypothetical."  *L.A.M. Recovery, Inc. v. Dep't of Consumer Affairs*, 377 F.
Supp. 2d 429, 437 (S.D.N.Y. 2005) (internal quotation marks and citation
omitted).

Moreover, "in cases seeking injunctive relief, a plaintiff must

---

[3]Although Camarillo seeks injunctive relief in her complaint, she fails to specify what
that relief would entail.

demonstrate irreparable harm." *Stan*, 111 F. Supp. 2d at 125 (citing *Rodriguez v. DeBuono*, 175 F.3d 227, 235 n.9 (2d Cir. 1999) (explaining that "a showing of 'irreparable harm' is required for the imposition of any injunctive relief, preliminary or permanent[.]")).  Irreparable harm "means [an] injury for which a monetary award cannot bring adequate compensation[.]..." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).

To establish liability under Title III of the ADA,[4] a plaintiff must show that: "(1) [she] has a disability...; (2) [d]efendants are owners or operators of a place of public accommodation...; and (3) [d]efendants discriminated against [her] by denying her a full and equal opportunity to participate in [their] stores on the basis of her disability."[5]  *Stan*, 111 F. Supp. 2d at 124. Here, the parties dispute the third element.

Despite Camarillo's conclusory allegations to the contrary, she has not alleged that she was denied use and enjoyment of the services

---

[4]42 U.S.C. § 12182(a), provide,  "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]..."  42 U.S.C. § 12182(a).

[5]The parties do not dispute that Camarillo has a disability or that each restaurant is a "public accommodation" within the meaning of the ADA.

9

provided at defendants' restaurants.  She concedes that restaurant employees at all of defendants' establishments were willing and able to read her the menus.  *See Pl. Am. Compl. ¶¶ 34, 64, 70, 78; Dkt. No. 32*. While the court agrees that Camarillo should not be subject to embarrassment or humiliation because of her disability, she has not alleged a single instance when she was deprived of the services enjoyed by other patrons at defendants' fast food restaurants.  At all times alleged in the complaint, Camarillo was permitted to eat at defendants' restaurants. "Unfortunately, legislation such as the ADA cannot regulate individuals' conduct so as to ensure that they will never be rude or insensitive to persons with disabilities."[6]  *Stan*, 111 F. Supp. 2d at 126-127.

In that Camarillo seeks injunctive relief, she must show both injury in fact and a likelihood of future harm to satisfy the elements of standing.  *See*

_____

[6]Even if Camarillo demonstrated standing and irreparable harm, she remains unable to prove that defendants violated the ADA.  She admits that she was provided with reasonable accommodations, *i.e.*, employees available to read her the menus.  The *Stan* court explained, "[d]efendants cannot guarantee that an individual employee will not act inappropriately in a particular instance.  However, under the ADA, [d]efendants...must ensure that they adopt the proper policies and procedures...[i]n dealing with disabled individuals and make reasonable efforts to ensure that those policies and procedures...are properly carried out[.]..."  *Stan*, 111 F. Supp. 2d at 127.  Because defendants make their employees available to read the menus to disabled patrons, they have carried out their obligations under Title III of the ADA.  *See* 28 C.F.R. § 36.303(c), App. B (in clarifying the requirements of the ADA, the Department of Justice guidelines explain, "[f]or example, a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu.").

*id.* at 25.  As stated, Camarillo has not alleged a single instance when she was denied the ability to take full advantage of the services offered at defendants' restaurants.  As such, she has not alleged an invasion of a legally protected interest.  *See L.A.M. Recovery, Inc. v. Dep't of Consumer Affairs*, 377 F. Supp. 2d 429, 437 (S.D.N.Y. 2005).  In other words, Camarillo has not alleged facts sufficient to show injury under the ADA,[7] namely, the denial of the full and equal opportunity to participate in defendants' restaurants.  *See Stan*, 111 F. Supp. 2d at 124.

Having provided Camarillo the opportunity to amend her complaint, the court finds no set of facts demonstrating injury in fact and irreparable harm.  Accordingly, Camarillo's ADA claims are dismissed.

## 2.   New York Executive Law

The restaurants maintain that Camarillo's claims under Section 296.2(a) of New York Executive Law[8] fail as a matter of law.  More

---

[7]The court allowed Camarillo an opportunity to amend her complaint to satisfy both the elements of an ADA claim and the irreparable harm requirement essential to her claim for injunctive relief.  Camarillo has now failed to satisfy this burden twice.  Moreover, she has not even alleged that she can do so through discovery.

[8]New York Executive Law Section 296.2(a) provides, in relevant part:

[i]t shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation...because of the race, creed, color, national origin... or disability...of any person, directly or indirectly, to refuse, withold from or deny to such person any of

specifically, they argue that none of the factual allegations in Camarillo's complaint, even if true, violate Section 296.2(a) because that section does not require them to act affirmatively to accommodate a disabled plaintiff, much less conform to any specific form of accommodation.  Indeed, Executive Law § 296.2(a) includes no requirement that a public accommodation must make affirmative accommodations to individuals with disabilities.  *See Blum v. N.Y. Stock Exch., Inc.*, 298 A.D.2d 343, 344 (2d Dept. 2002); *see also Azelyant v. B. Manischewitz Co.*, 98-CV-2502, 2000 U.S. Dist. LEXIS 2192, at *31 (E.D.N.Y. Jan. 12, 2000) ("New York State law does not recognize any right to reasonable accommodation.); *Brown v. Daytop Vill.*, 161 Misc. 2d 248, 253 (N.Y. Sup. Ct. 1994) .  Accordingly, Camarillo's claims under New York Executive Law Section 296.2(a) are dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

---

the accommodations, advantages, facilities or privileges thereof, including the extension of credit, or, directly or indirectly, to publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities, and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color, national origin...or disability, or that the patronage or custom thereat of any person of or purporting to be of any particular race, creed, color, national origin...or having a disability is unwelcome, objectionable or not acceptable, desired, or solicited.

N.Y. EXEC. LAW § 296.2(a).

ORDERED that defendants' motions to dismiss are **GRANTED**, and it is further

ORDERED that Camarillo's amended complaint is dismissed in its entirety, and it is further

ORDERED that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

September 25, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

13