**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALICE CAMARILLO,**

                **Plaintiff,**

              **v.**                                  **1:05-CV-1365**
                                                      **(GLS\DRH)**

**CARROLS CORPORATION,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Michael G. O'Neill<br>30 Vesey Street, Third Floor<br>New York, New York 10007 | MICHAEL G. O'NEILL, ESQ. |
| **FOR THE DEFENDANT:** | |
| Bond, Shoeneck Law Firm<br>One Lincoln Center<br>Syracuse, New York 13202 | BRIAN J. BUTLER, ESQ.<br>THOMAS KELEHER, ESQ. |
| Freeborn, Peters Law Firm<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, Illinois 60606 | JEFFREY J. MAYER, ESQ.<br>HELEN N. BAKER, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Alice Camarillo commenced this action against Carrols Corporation alleging violations of the Americans With Disabilities Act (ADA)[1] and New York State Human Rights Law (NYSHRL).[2] (Am. Compl., Dkt. No. 32.) Pending is Carrols's motion for summary judgment. (Dkt. No. 86.) For the reasons that follow, the motion is granted in part and denied in part.

### **II. Background**

**A.  Factual History**

Carrols is a Delaware corporation with its primary place of business in New York. (*See* Def. SMF ¶ 2, Dkt. No. 86:5.) Carrols owns and operates two Burger King restaurants located on Route 9W in Hudson, New York, and Route 9 in Catskill, New York. (*See id.*) Camarillo is legally blind. (*See* Pl. SMF ¶ 5, Dkt. No. 90.) Her left eye was surgically removed, and she has almost no vision in her remaining eye. (*See id.*) Camarillo can read documents with normal-size print by using a prescription

---

[1] 42 U.S.C. § 12182, *et seq.*

[2] N.Y. EXEC. LAW § 290, *et seq.*

handheld magnifier and holding the document approximately an inch from her eye.  (*See* Def. SMF ¶ 7, Dkt. No. 86:5.)  Camarillo has visited Carrols's Catskill and Hudson stores more than ninety times since August 2002.  (*See id.* at ¶ 17.)  Camarillo does not recall the dates of any of her visits to these stores but estimates that she visited the Catskill store about once a month between August 2002 and the date of her deposition on March 25, 2009, and that she visited the Hudson store every three or four months during the same time period.[3]  (*See* id. at ¶ 18.)

Carrols maintains written policies on the subject of serving guests with disabilities.  (*See id.* at ¶ 29.)  Its policy regarding serving visually-impaired guests specifies that those guests will not be asked to wait to place their order until other guests are served first.  (*See id.* at ¶ 31.)

**B.    Procedural History**

On August 4, 2005, Camarillo filed her original complaint in New York State Supreme Court, Greene County.  (*See* Dkt. No. 1.)  On October 27, 2005, the case was timely removed to this court.  (*See id.*)  Thereafter,

---

[3]There is a dispute concerning the number of times that Camarillo received inadequate treatment at Carrols's stores.  While Camarillo indicated in deposition that she could only specifically recall seven incidents, she disputes that those were the only incidents that occurred.  Instead, Camarillo now contends, by affidavit, that she regularly encountered problems in Carrols's stores.

3

motions to dismiss the complaint were filed by various defendants. (*See* Dkt. Nos. 6, 8,9, & 12.) Subsequently, the court granted Camarillo an additional thirty days to amend her complaint. (*See* Dkt. No. 29.) On April 3, 2006, Camarillo filed her amended complaint. (*See* Dkt. No. 32.) On September 26, the court granted defendants' motions to dismiss. (*See* Dkt. No. 56.) On October 20, Camarillo filed her Notice of Appeal to the Second Circuit. (*See* Dkt. No. 58.)

On February 8, 2008, the Second Circuit issued an opinion reversing and remanding this court's previous decision. *See also Camarillo v. Carrols Corp.*, 518 F.3d 153 (2d Cir. 2008). On July 1, 2009, with discovery complete, Carrols filed a motion for summary judgment.

## III. Standard of Review

The standard for the grant of summary judgment is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle*, 499 F. Supp.2d 192, 194-95 (N.D.N.Y. 2007).

## IV. Discussion

In support of its motion for summary judgment, Carrols argues that: (1) Camarillo has failed to state a claim under the ADA; (2) Camarillo lacks

4

standing to pursue her claim for injunctive relief under the ADA; and (3) Camarillo has failed to state a claim under New York State Human Rights Law. Each argument will be addressed in turn.

## A. ADA Claim

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination is defined by the ADA to include:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

*Id.* § 12182(b)(2)(A)(iii). Regulations promulgated under these provisions by the United States Department of Justice provide that "public accommodation[s] shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

5

In order to establish liability under Title III of the ADA, a plaintiff must show: "(1) that she is disabled ...; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo*, 518 F.3d 153, 156 (2d Cir. 2008); *see also Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp.2d 119, 124 (N.D.N.Y. 2000).  Here, the parties do not dispute that Camarillo is disabled or that each restaurant is a "place of public accommodation."  Instead, the only issue in dispute is whether Camarillo was denied a full and equal opportunity to enjoy the services provided in Carrols's stores.

As to that issue, Carrols first contends that where the servers in a restaurant are available to read the menu to patrons, a restaurant is not required to provide menus in Braille, large print, or any other particular format to patrons who are blind.  Carrols next maintains that the specific occurrences of dissatisfaction alleged by Camarillo were isolated, cannot amount to discrimination, and are therefore insufficient to establish liability. Carrols also claims that it has appropriate policies, procedures, and employee training in place to provide effective communication with its disabled patrons.  Moreover, Carrols contends that Camarillo failed to

6

notify Carrols or any manager of inadequate service of disabled patrons, apparently arguing that such failure belies Camarillo's claims of discrimination. And lastly, Carrols points out that Camarillo's complaint and deposition are inconsistent. The inconsistency arises from Camarillo's concessions in deposition that she did receive help with the menu after she asked for help, while her complaint alleges that she did not get any help.

None of these arguments are sufficient to warrant summary judgment. Defendants are correct in arguing that no single form of communication is required under the ADA. Furthermore, the parties do not dispute that having a server read the menu to Camarillo is sufficient to comply with the ADA. Nevertheless, defendants' motion for summary judgment must be denied. Camarillo's testimony[4] and evidence submitted in support thereof create questions of fact regarding the effectiveness of the specific communication of Carrol's menu items to her. Specifically, her experiences include not being able to select from the entirety of the menu, not being informed about the prices of the items, and receiving impatient

---

[4]Carrols urges the court to disregard the portions of Camarillo's affidavit stating that she was regularly discriminated against because it contradicts her deposition testimony that she could only recall seven incidents of inadequate treatment. However, because the court views the assertions made in Camarillo's affidavit as supplementary, and not contradictory, to Camarillo's deposition testimony, Carrols's request is denied.

and reluctant service in general.  Accordingly, since issues of fact remain regarding the effectiveness of Carrols's communication of its menu items, and the record is not sufficiently clear to conclude that Camarillo was not treated as alleged, the first prong of Carrols's motion is denied. Accordingly, summary judgment is not appropriate.

**B.   Standing**

A plaintiff has standing to obtain injunctive relief under Title III of the ADA "if she is aware of the defendant's discriminatory conditions; those conditions, and the plaintiff's awareness of them, are continuing and the plaintiff plausibly intends to return to the place of discrimination." *Camarillo*, 518 F.3d at 158 (citation omitted).

Here, Carrols contends that Camarillo has failed to show that she has standing to seek injunctive relief.  Specifically, Carrols claims that it has complied with the ADA by providing employees who are trained to read menus to visually-impaired customers.  Moreover, Carrols contends that even if previous actions of its employees violated the ADA, it has since remedied those problems.  Specifically, Carrols points to the fact that it has made available to Camarillo a large-print menu with prices added and cellular phone numbers for the managers of the two stores she frequents

8

the most.

The court must deny Carrols's motion for summary judgment on the standing issue. There is sufficient evidence to show that Camarillo suffered an injury under the ADA, thereby satisfying the first prong of the standing test. As to the second prong, issues of fact remain because contrary to Carrols contentions, Camarillo claims that the newly-offered large-print menu does not provide a complete list of the menu items and thus does not provide her with an effective auxiliary aid in and of itself. And finally, the third prong is satisfied since the record suggests that Camarillo intends to return to Carrols's stores. Accordingly, Carrols's motion for summary judgment on this issue is denied.

## C. New York Human Rights Law

Carrols maintains that Camarillo's New York State Human Rights Law claim fails as a matter of law. Specifically, Carrols argues that the factual allegations in Camarillo's complaint, even if true, fail to state a claim under N.Y. EXEC LAW § 296.2(a) because that section does not require them to act affirmatively to accommodate a disabled plaintiff, and that they need not conform to any specific form of accommodation. Since issues of fact remain in this case, the court cannot dismiss this cause of action on

9

this basis. Accordingly, Carrols's motion for summary judgment as to this claim is also denied.

Because the court has already determined that Camarillo's ADA claim must survive summary judgment, and since Camarillo's state law claim is "governed by the same legal standards," *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004), Carrols's motion as to Camarillo's state law claim is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Carrols's motion for summary judgment (Dkt. No. 86) is **GRANTED** insofar as Camarillo's claim for monetary damages[5] under the ADA is DISMISSED; and it is further

**ORDERED** that Carrols's motion for summary judgment (Dkt. No. 86) is **DENIED** in all other respects; and it further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

---

[5] Camarillo concedes that she is not seeking money damages under the ADA. Thus, Carrols's motion as to this issue is granted.

June 24, 2010
Albany, New York

_____
United States District Court Judge

11